UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE KETZBEAU,

    Defendant.

CASE NO: 23-CR-20357

F. KAY BEHM
United States District Judge

CURTIS IVY, JR.
United States Magistrate Judge

_____

**ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION
TO DETERMINE DEFENDANT'S COMPETENCY TO STAND TRIAL**
_____

Defendant has moved for a hearing to determine mental competency of the Defendant and appointment of an independent forensic psychologist, Dr. Atara Abramsky. (ECF No. 32). A status hearing was held on February 20, 2024. Based on the statements of defense counsel in his motion and during the hearing, the court's own observation of Defendant in the courtroom, the information regarding Defendant's past mental health diagnosis from his sister, and his prior history of psychiatric commitment, the court concludes that reasonable cause exists to believe that Defendant may presently be suffering from a mental disease or defect that has rendered him mentally incompetent to the extent that he is

unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

Accordingly, Defendant's motion for appointment of an independent expert to conduct an examination of Defendant to determine if he is competent to stand trial is **GRANTED** and the court **ORDERS**, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and (c), that:

(1) Defendant be examined by Dr. Atara Abramsky, Ph.D. Clinical Psychology, at the soonest mutually convenient time, for the purpose of determining Defendant's competency to stand trial;

(2) a report shall be prepared and submitted to this court, with copies provided to counsel for defendant and the government, which will include:

    a. Defendant's history and present symptoms, if any;

    b. a description of the psychiatric, psychological or medical tests that were employed and their results;

    c. the examiner's findings as to competency to proceed, as well as the examiner's opinions as to diagnosis and prognosis; and

    d. a determination as to whether Defendant presently suffers from a mental disease or defect that renders him mentally incompetent to the

extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(4) the report be submitted to this court so that a hearing may be conducted pursuant to 18 U.S.C. § 4247(d) to determine Defendant's competency to stand trial;

(5) the examination and submission of the report must be completed within 60 days of entry of this Order and an extension of this period may be granted on a showing of good cause; and

(6) the time period associated with this determination, from the filing of the motion for competency hearing, through and including the date on which a final determination is made regarding Defendant's competency to stand trial, shall be excluded under the Speedy Trial Act pursuant to the terms of 18 U.S.C. §§ 3161(h)(1)(A) and 3161(h)(1)(D); *see also United States v. Lathan*, No. 21-4177, 2023 WL 2523299, at *5-6 (6th Cir. Mar. 15, 2023), cert. denied, 143 S. Ct. 2481 (2023).

**SO ORDERED**.

Dated: February 22, 2024         s/F. Kay Behm
                                 F. Kay Behm
                                 United States District Judge