UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Case No: 23-20357
F. Kay Behm
U.S. District Judge

JESSE KETZBEAU,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS INDICTMENT (ECF No. 94)**

**I.   PROCEDURAL HISTORY**

This matter is before the court on Defendant Jess Ketzbeau's Motion to Dismiss Indictment. (ECF No. 94). On June 21, 2023, a federal grand jury sitting in Flint returned a single-count indictment charging Ketzbeau with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 12). A first superseding indictment was returned on March 20, 2024. (ECF No. 44). This indictment included additional charges adding two counts of carjacking in violation of 18 U.S.C § 2119, two counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c), and an additional felon in possession of a firearm count. On December 18, 2024, a grand jury returned a second superseding indictment (SSI). (ECF No. 84). The SSI corrected a clerical

1

error and eliminated one of the felon in possession charges.  The second superseding indictment alleges that Ketzbeau has been previously convicted of a felony.  *Id.*  Ketzbeau filed his motion to dismiss the indictment on January 7, 2025.  (ECF No. 94).  The government has filed a written response.  (ECF No. 145).  Central to Ketzbeau's motion is whether § 922(g)(1) is constitutional under the U.S. Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and the Sixth Circuit's decision in which it considered that question and determined that § 922(g)(1) "is constitutional on its face and as applied to dangerous people."  *United States v. Williams*, 113 F.4th 637, 662 (6th Cir. 2024).

For the reasons described below, the court finds that Ketzbeau may lawfully be prohibited from possessing firearms and **DENIES** Defendant's Motion to Dismiss Indictment.

**II.    FACTUAL BACKGROUND**

Ketzbeau is before the court, among other charges, on a charge of felon in possession and challenges the constitutionality of that charge on its face and as applied to him.  Due to his prior felony conviction, Ketzbeau's alleged possession of a handgun violates 18 U.S.C. § 922(g)(1). Under the Sixth Circuit's decision in *Williams,* Ketzbeau's prior conviction is relevant to his as-applied challenge to

2

§ 922(g)(1). Ketzbeau's record reflects multiple convictions over the course of decades with one felony conviction: assault with intent to commit murder in 2016. (ECF No. 145-3, PageID.547).

### III.   STANDARD OF REVIEW

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment codified a pre-existing "individual right." 554 U.S. 570, 579-81, 592 (2008). This right protects the ability to keep, for "lawful purposes," the kinds of weapons in common usage, like those used for self-defense. *Id.* at 625, 627 (quotation omitted). *Heller* cautioned that nothing in its opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," like § 922(g)(1). *Id.* at 626. Thus even after *Heller*, many courts of appeals, including the Sixth Circuit, refused to hear as-applied challenges to § 922(g)(1). *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010). The U.S. Supreme Court upended that tradition in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *Bruen* required the government to show that a regulation's infringement on a particular citizen's Second Amendment right was "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17. The scope of that inquiry remained unclear. *See United States v. Rahimi*, 144 S. Ct. 1889, 1927 n.1 (2024) (Jackson, J., concurring)

(collecting cases). The Supreme Court then attempted to clarify *Bruen*'s holding in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *Rahimi* emphasized that firearm regulations need not have a historical "twin" to be valid. *Id.* at 1898 (quoting *Bruen*, 597 U.S. at 30). Instead, the relevant inquiry is whether the challenged regulation is consistent with the "principles that underpin our regulatory tradition." *Id*. In light of *Bruen* and *Rahimi*, the Sixth Circuit considered whether § 922(g)(1), a federal "felon in possession" law, remained a constitutional mechanism for disarming people in *United States v. Williams*. *See* 113 F.4th 637 (6th Cir. 2024). *Williams* is a published decision in which the court concluded that 18 U.S.C. § 922(g)(1) is constitutional on its face and as applied to "dangerous" people. *Id.* at 663. Accordingly, Ketzbeau's facial challenge fails as a matter of law. *Williams* also set forth the standard for determining whether a person convicted of a felony is "dangerous" and can be disarmed. "When evaluating a defendant's dangerousness, a court may consider a defendant's entire criminal record," "as well as other judicially noticeable information." *Id.* at 660.

Under the *Williams* framework, criminal convictions can broadly be separated into three categories. The first category encompasses crimes against a person such as murder, rape, assault, and robbery, which speak "directly to

4

whether an individual is dangerous." *Id.* at 658. In this category, the burden of proof to show non-dangerousness is "extremely heavy." *Id.* ("[V]iolent crimes are at least strong evidence that an individual is dangerous, if not totally dispositive on the question."). The second category encompasses crimes like drug trafficking or burglary. "[T]hese crimes put someone's safety at risk, and thus, justify a finding of danger." *Id.* at 659. The final category includes crimes like mail fraud or making false statements. Often, such crimes cause no physical harm to another person or the community, and the *Williams* panel indicated that a defendant's burden is low because district courts should generally find that these crimes "don't make a person dangerous." *Id.*[1] Notably, prior convictions can be accepted "without an evidentiary hearing or jury fact finding" and that a presentence report whose contents have not been objected to can also be so considered. *Id*. at 662 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 228–39 (1998)).

---

[1] A note on phrasing: this court attempts to use, where possible, language that centers the dangerousness of the crime and acts at issue. Convictions based on crimes which put another person's safety at risk are valid bases for disarming someone under § 922(g)(1). *Williams*, at *40-41. As the Supreme Court put it: "Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *United States v. Rahimi*, 144 S. Ct. 1889, 1902 (2024); *see also United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (holding that the offense of drug trafficking itself poses a danger to the community).

## IV. ANALYSIS

Ketzbeau argues that he is not a dangerous person because he was rehabilitated in prison, was released on parole, and completed his parole and returned to the community. He also argues that with respect to his conviction for assault with intent to murder, he was convicted as an accomplice and not the person who physically committed the assault. Under the *Williams* framework, a court should ask: has the defendant been convicted of any felonies for dangerous conduct? If so, Congress can constitutionally disarm him. Although the *Williams* court at times put the analysis in terms of "dangerous persons" and whether a person "is dangerous," the analytical framework only asks about the dangerousness of their conduct which resulted in a felony conviction. *See Williams*, 113 F.4th at 662; *id.* at 660 (phrasing the inquiry as "whether a defendant's past convictions are dangerous"). While *Williams* noted "that courts may wish to consider information beyond criminal convictions when assessing a defendant's dangerousness," 113 F.4th at 658 n.12, the Sixth Circuit has declined to consider evidence that the present charge would lend to a showing of his dangerousness. *See United States v. Vaughn*, 2024 WL 4615853, at *2, n.2 (6th Cir. Oct. 30, 2024). Similar to *Williams*, in *Vaughn*, the defendant's prior "criminal convictions [were] sufficient to resolve this case." *Id*. The court again reached

6

the same conclusion in *United States v. Morton*, 123 F.4th 492 (6th Cir. 2024), where, in assessing dangerousness, the court considered only the defendant's criminal convictions, not the conduct underlying the present indictment. Here, the court concludes that it need not consider the circumstances that bring Ketzbeau to federal court on the present charges and relies on his prior felony conviction to evaluate dangerousness.

A review of Ketzbeau's felony conviction easily establish dangerousness. He was convicted of assault with intent to commit murder in 2016. (ECF No. 145-3, PageID.547). This crime falls into the first category identified in *Williams*. The first category encompasses crimes against a person such as murder, rape, assault, and robbery, which speak "directly to whether an individual is dangerous." *Id.* at 658. In this category, the burden of proof to show non-dangerousness is "extremely heavy." *Id.* As held in *Williams*, "there is little debate that violent crimes are at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id*. at 658. Thus, his conviction for assault with intent to commit murder establishes dangerousness. The court is not convinced that Ketzbeau's rehabilitative efforts are sufficient to overcome his "extremely heavy burden" to show non-dangerousness. *United States v. Smith*, 2024 WL 4453270, at *3 (E.D. Tenn. Oct. 9, 2024) ("[T]he Court cannot look past

7

Defendant's multiple prior convictions for serious crimes" despite his rehabilitation efforts). Additionally, the court is not convinced that Ketzbeau's "mere accomplice" theory changes the analysis. Ketzbeau was convicted of assault with intent to murder and he offers no authority suggesting that this serious felony should be given less consideration, even if he was an accomplice. Thus, Ketzbeau has not met his extremely heavy burden of showing non-dangerousness.

**V.    CONCLUSION**

The court finds that Ketzbeau has not rebutted the extremely heavy presumption that his record includes a conviction for a crime which posed a danger to others and that § 922(g)(1) may constitutionally be applied to him. Therefore, the court **DENIES** Defendant's Motion to Dismiss Indictment under § 922(g)(1).

    **SO ORDERED**.

Date: March 18, 2025                       s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge