UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE KETZBEAU,

    Defendant.
_____/

Case No: 23-20357
F. Kay Behm
U.S. District Judge

**OPINION AND ORDER DENYING MOTION TO DISMISS BASED
ON PROSECUTORIAL VINDICTIVENESS (ECF No. 103, 134)**

**I.    PROCEDURAL HISTORY**

Defendant moves to dismiss the indictment based on alleged prosecutorial vindictiveness. (ECF No. 103). Defendant says that after he first exercised his right to a speedy trial, the government conspired with Attorney Crawford to "sabotage" him by seeking a mental capacity examination. (ECF No. 103, PageID.327). It appears that defendant is complaining that a superseding indictment adding additional charges was filed after he was ordered to undergo a competency evaluation. *Id*. Ketzbeau also contends that after filing several pretrial motions the government "up[ped] the ante against the defendant by

1

sabotaging [the] defense" and eliminating a charge in the second superseding indictment. (ECF No. 124, PageID.409).

Attorney Alan Crawford began representing defendant on December 13, 2023. (ECF No. 28). On February 2, 2024, he filed a motion for a competency hearing. (ECF No. 32). On the same date, Ketzbeau filed a pro se notice asserting his right to a speedy trial and objecting to any further continuances. (ECF No. 31). At a hearing held on February 20, 2024, the court granted the motion for competency hearing and ordered defendant to undergo a competency evaluation. (ECF No. 38). A first superseding indictment was returned on March 20, 2024. (ECF No. 44). The first superseding indictment added five charges against defendant – two counts of carjacking, two counts of use of a firearm during and in relation to a crime of violence and one count of felon in possession of a firearm. *Id*. A second superseding indictment was returned on December 18, 2024. This indictment corrected a clerical error in the prior indictment and eliminated one felon in possession charge. (ECF No. 84). The court held a hearing on this motion on March 18, 2025.

II. ANALYSIS

Defendant acknowledges that prosecutors have wide discretion in deciding which cases to prosecute provided they have probable cause to believe that the

defendant committed offense. But Defendant argues that discretion is not unfettered. The Fifth Amendment Due Process Clause proscribes the prosecution from punishing a defendant for exercising his constitutional rights. Defendant claims the additional charges were not brought until he asserted his right to a speedy trial and the additional charges have prejudiced Defendant because he does not know which charges to fight and he is being rushed to trial without the proper time to defend the charges. (ECF No. 103).

It is well settled that a prosecutor may not increase charges in order to retaliate against a defendant for exercising a legal right. *Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974) ("To punish a person because he has done what the law plainly allows them to do is a due process violation of the most basic sort."). To establish a due process violation a defendant must show that the increased charge was brought solely to penalize the defendant and could not be justified as a proper exercise of prosecutorial discretion. *Id*. at 27 ("the Due Process Clause is not offended by all possibilities of increased punishment but only by those that pose a realistic likelihood of vindictiveness").

To prove vindictive prosecution, a defendant must demonstrate that (1) he exercised a protected right; (2) the prosecution had a stake in the exercise of that right; (3) the prosecutor's conduct was unreasonable; and (4) intent to punish the

3

defendant for exercising the protected right.  *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001).  A court's analysis is fact driven and "each situation will necessarily turn on its own facts."  *United States v. LaDeau*, 734 F.3d 561, 567 (6th Cir. 2013).  A defendant can establish prosecutorial vindictiveness by either producing evidence of actual vindictiveness or showing a realistic likelihood of vindictiveness.  *See United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005).  Vindictiveness claims typically turn on the latter approach, because proving actual vindictiveness is "exceedingly difficult."  *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003).

In an apparent attempt to prove actual vindictiveness, Defendant moves for the court to consider an affidavit to support his motion to dismiss for vindictive prosecution.  (ECF No. 134).  The affidavit is not, however, relevant to the claims set forth in Defendant's motion to dismiss for vindictiveness.  In his motion, Defendant argues that the AUSA and attorney Crawford conspired to sabotage him by seeking a competency evaluation and that he is being punished for filing a pro se notice asserting his right to a speedy trial.  In his brief in support of this motion, he claims the government acted vindictively because one of the felon in possession charges was eliminated from the second superseding indictment.

4

The affidavit apparently relates to a conversation the AUSA had with Alan Lane, a defendant in another criminal matter that was pending in this court, and his attorney. According to the government, this conversation had nothing to do with defense counsel's request for competency or the filing of the second superseding indictment. More specifically, the government had a conversation with Mr. Lane relating to information that the government received regarding witnesses complaining that they were being contacted by third parties on behalf of Defendant to change their testimony. According to the government, Mr. Lane had no information in this regard. A review of the affidavit reveals that Mr. Lane offers no information pertaining to the bases for Defendant's vindictiveness motion – the request for a competency hearing or the second superseding indictment. Thus, the claims in the affidavit are not related to the claims in Defendant's motion to dismiss for vindictive prosecution. Defendant has not made any showing that the information in the affidavit is relevant to his motion.

Additionally, according to the affidavit, the conversation took place on December 10, 2024. (ECF No. 134, PageID.438). At this point in time, the first superseding indictment adding charges had long been issued. A first superseding indictment was returned on March 20, 2024. (ECF No. 44). The first superseding indictment added five charges against defendant – two counts of carjacking, two

5

counts of use of a firearm during and in relation to a crime of violence and one count of felon in possession of a firearm. *Id*. Thus, there is no causal connection between the December 10, 2024 conversation and the increase in charges that occurred nearly nine months prior. Further, as to the second superseding indictment, a reduction in charges is not evidence of vindictiveness. The affidavit simply does not support Defendant's claim of vindictiveness.

Thus, Defendant must show a realistic likelihood of vindictiveness. To assess this likelihood, a court "must weigh two factors: (1) the prosecutor's 'stake' in preventing assertion of the protected right and (2) the reasonableness of the prosecutor's actions." *United States v. Zakhari*, 85 F.4th 367, 379 (6th Cir. 2023) (quoting *United States v. Poole*, 407 F.3d 767, 776 (6th Cir. 2005) (citation omitted). This standard is objective and considers "whether a reasonable person would think there existed a realistic likelihood of vindictiveness," not the "defendant's subjective impressions." *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980) (en banc).

Defendant has not shown an objectively realistic likelihood of vindictiveness. First, Defendant's improper pro se filing regarding his speedy trial rights is not an assertion of a protected right. At the time he filed the notice, he was represented by counsel, who did not adopt the filing. *See e.g., United States*

6

*v. Hamilton*, 2018 WL 10075601, at *1 (E.D. Mich. Jan. 11, 2018) ("It is well-established law in the Sixth Circuit that a criminal defendant cannot proceed with hybrid representation, whereby he asserts both the right to proceed pro se and the right to counsel – he must choose one or the other.").

Second, even if Defendant asserted a protected right, he has not shown that the prosecutor had any stake in the exercise of that right. Defendant merely relies on the timing of the first superseding indictment as following the competency issue and his pro se assertion of his speedy trial rights. As the Sixth Circuit explained in *Suarez*, such action is "not particularly exceptional in the course of a trial," and while it "inevitably impose[s] some 'burden' on the prosecutor," it is "unrealistic" to insist that a prosecutor would be motivated to penalize and deter such basic defensive tactics. 263 F.3d at 479-80. *See also, United States v. Howell*, 17 F.4th 673, 688 (6th Cir. 2021) (no vindictiveness when prosecutor filed additional charge after initial indictment and before trial based on new evidence); *United States v. Rosse*, 2017 WL 5625719 (6th Cir. 2017) (no presumption of vindictiveness for filing a pretrial superseding indictment where the defendant's motions were "merely garden-variety pretrial motions"). Defendant fails to show any reason why the government would have a stake in Defendant's pro se assertion of his speedy trial rights, especially where the

government did not and need not have even responded to the improperly filed notice and the court made no ruling on the filing. *See United States v. McQuiddy*, 2013 WL 317965, *7 (M.D. Tenn. Jan. 28, 2013) (Where the court had not ruled on pretrial motion, any burden on the government associated with the filing of the pretrial motions was limited to filing a response and was therefore minimal.). Even if it were a properly filed pretrial motion, it does not "clearly require increased expenditures of prosecutorial resources[,]" but instead "were merely garden-variety pretrial motions of the kind found not to burden the prosecution in *Suarez*, ... which involved motions to dismiss the indictment and suppress evidence." *Rosse*, 716 F. App'x at 462–63.

Third, Defendant fails to show that the government acted unreasonably in its role as prosecutor. According to the government, following the filing of the indictment charging only a felon in possession offense, the government continued to investigate the carjacking complaints. The information obtained during the investigation resulted in defendant being charged with additional offenses. Counsel for defendant had discovery related to the new charges and was made aware that the government was continuing to investigate the case. At the hearing, the government indicated that all three of Ketzbeau's attorneys had the police reports and the witness statements regarding the carjackings. And, during

the period between the filing of the initial indictment and the first superseding indictment, there were some discussions with defense counsel regarding resolving the case. As explained at the hearing, the government's counsel met with Ketzbeau's prior attorney, Mr. Plotkin to discuss the different guideline calculations based on the potential additional charges. Counsel's discussions involved the government having more flexibility with respect to a plea agreement pre-indictment than post-indictment. The government also had discussions with Mr. Crawford about the potential new charges and discovery was provided. The government did not initially feel that it had enough information to move forward with additional charges. Thus, it proceeded with placing witnesses before the grand jury before deciding to move forward with additional charges. The government also explained that it took time to get a determination with respect to the vehicles involved and the interstate element for the carjacking offenses. Defendant fails to show that the government acted unreasonably in its role as prosecutor. Rather, the government acted reasonably in seeking the first superseding indictment based on its ongoing investigation and evolving evidence. As the government points out, a prosecutor is permitted to exercise her discretion in making charging decisions based on probable cause and which may depend on whether or not a defendant pleads guilty or proceeds to trial. *See Suarez*, 263

F.3d at 480 (holding additional charges in abeyance "until it became obvious trial was necessary" was reasonable); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charges to file or bring before a grand jury, generally rests entirely in his discretion.").

Ketzbeau offers no evidence to the contrary. He also offers no evidence in support of his assertion that the government sought to punish him for exercising his right to a speedy trial. Instead, he relies solely on the timing of the first superseding indictment, which occurred after his pro se speedy trial notice. Again, however, "routine and minimally burdensome filings" are "unlikely to prompt a vindictive prosecutorial response." *United States v. LaDeau*, 734 F.3d 561, 568 (6th Cir. 2013).

Defendant failed to bring forth any evidence suggesting that the government vindictively prosecuted him and thus the court concludes that Defendant has not shown a reasonable likelihood of vindictiveness. In sum, the prosecutor here had little to no stake in Defendant's improperly filed pro se assertion of speedy trial rights. Additionally, the prosecutor's actions were reasonable, given the continuing investigation of the carjacking complaints and

the parties' plea discussions.  Given the lack of plausibility, there is no presumption for the government to rebut.  *United States v. Dimora*, 2012 WL 78157, at *7 (N.D. Ohio Jan. 9, 2012) (Where government did not have a sufficient stake in the defendant's right to file pretrial motions and the government did not act unreasonably in bringing second case, defendant was unable to establish prima facie case of prosecutorial vindictiveness.); *McQuiddy*, at *8 (Where the defendant failed to meet the first three *Suarez* factors, no realistic likelihood of vindictiveness found).  For these reasons, the motion is **DENIED**.

    **SO ORDERED**.

Date: April 11, 2025          <u>s/F. Kay Behm</u>
                                           F. Kay Behm
                                           United States District Judge