UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JESSE KETZBEAU,

Defendant.
__________________________________/

Case No: 23-20357
F. Kay Behm
U.S. District Judge

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION TO DISMISS BASED ON SPEEDY TRIAL (ECF No. 97)**

## I. PROCEDURAL HISTORY

Defendant filed a motion to dismiss based on purported violations of his speedy trial rights, both statutory and constitutional. (ECF No. 97). The government filed a written response (ECF No. 135) and the court held a hearing on May 13, 2025. For the reasons set forth below, the court **DENIES** Defendant's motion to dismiss.

## II. ANALYSIS

### A. Statutory Speedy Trial Clock

As the government explains, there are two separate speedy trial clocks, one before indictment and another that begins after indictment. 18 U.S.C. § 3161(b)

and (c)(1). There are 30 chargeable days allowed when a complaint is filed until indictment and 70 days from the indictment until trial. *Id.*

Defendant was initially charged in a criminal complaint. He was arrested on June 12, 2023. The Speedy Trial Act provides that "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." 18 U.S.C. § 3161(b). An indictment was filed on June 21, 2023. Only eight days elapsed between defendant's arrest and the filing of an indictment. The 30-day clock never expired. Accordingly, there was no preindictment delay.

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment or the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Speedy Trial Act also specifies a number of periods of time which are excluded from the computation of the 70-day period. *United States v. Dunbar*, 357 F.3d 582, 591 (6th Cir. 2004) ("The Act provides the flexibility necessary to conduct fair criminal trials by excluding days from the seventy-day Speedy Trial clock for various pretrial proceedings."), *vacated and*

*remanded on other grounds,* 543 U.S. 1099 (2005); *see also United States v. Mentz*, 840 F.2d 315, 325 (6th Cir. 1988).

Defendant was arrested and appeared on a complaint on June 12, 2023. A federal grand jury returned an indictment against Defendant on June 21, 2023. When a complaint on which the defendant has made an appearance is pending when the indictment is returned, the period begins with the filing of the indictment. *United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007); *United States v. Moran*, 998 F.2d 1368, 1370 (6th Cir. 1993); *United States v. Mentz*, 840 F.2d 315, 325 (6th Cir. 1988). Therefore, the 70-day period under the Speedy Trial Act begins on June 21, 2023, the date the indictment was filed. Since the filing of the indictment and up to the date Defendant filed this motion (January 7, 2025), 565 days have elapsed. Thus, as the government explains, an analysis of the speedy trial issue requires an examination of the excludable periods of delay relating to the filing of pretrial motions, other proceedings relating to the defendant, and the ends of justice delays.

The government first points out that the date of the indictment is excluded from the speedy trial computation, *United States v. Anderson*, 902 F.2d 1105, 1108 (2d Cir. 1990); *United States v. Antoine*, 906 F.2d 1379, 1380 (9th Cir. 1990), as is the date of the arraignment on the indictment (July 17, 2023), as "other

proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1); *United States v. Mentz*, 840 F.2d 315, 326 (6th Cir. 1988); *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009). These dates subtracted from the overall period of delay leaves **563** days.

A motion to withdraw was filed on July 19, 2023 (ECF No. 16) resulting in the first excludable delay. The motion was granted on August 30, 2023. *United States v. Tinkleberg,* 563 U.S. 647 (2011) (the excludability for pretrial motion delay is automatic). This time includes 43 days which subtracted from the period of delay leaves **520** days. Pursuant to an order filed on August 30, 2023, the court also excluded an additional 30 days to fully dispose of the motion and on ends of justice grounds. (ECF No. 18). This excludable period of delay subtracted from the overall delay leaves **490** days.

The next period of delay began on October 27, 2023, when the court held a status conference to discuss scheduling. An ends of justice continuance was granted, excluding time from November 7, 2023, to March 19, 2024. This delay results in 134 days to be subtracted, which leaves **356** days. Excludable delay then began on February 2, 2024, when defendant's counsel filed a motion for competency hearing. At a hearing on February 20, 2024, the motion was granted. In a written order dated February 22, 2024, the court excluded from the speedy

trial time calculation from "the filing of the motion for competency hearing, through and including the date on which a final determination is made regarding Defendant's competency to stand trial." (ECF No. 40); 18 U.S.C. 3161(h)(1)(A). *See United States v. Maynie*, 257 F.3d 908, 914 (8th Cir. 2001) (a motion and subsequent mental examination generate excludable delay even though defendant did not approve of such action). Defendant was found competent to proceed to trial at a hearing held on July 16, 2024. This period of delay is automatically excluded under section (h)(1)(A) & (F). The resulting excludable delay (excluding any overlap with the prior order) is 119 days. Trial was scheduled to begin on September 24, 2024. In an order memorializing the ruling on the competency motion the court also, on ends of justice grounds, excluded the time between July 16, 2024, and the new trial date – 70 days. (ECF No. 56). Subtracting these two excludable periods (189 days) leaves **167** days.

Trial was then rescheduled to December 17, 2024, at the request of defense counsel. Because the government did not oppose an adjournment, a stipulation and order granting the request and excluding this period of delay to afford continuity of counsel and to allow sufficient time to prepare for trial was filed. (ECF No. 60). Eighty-four (84) days elapsed between September 24 and December 17, 2024, and when subtracted from the total delay leaves **83** days.

Prior to the scheduled trial date defendant advised the court that he wanted to represent himself, file pretrial motions, and agree to a continuance of the trial date until March 11, 2025. Defendant agreed that an additional period of excludable delay would result from his request. (ECF Nos. 78, 79, 81). The instant motion was filed on January 7, 2025. This delay, the time between December 17, 2024, and the filing of defendant's motion includes 21 days leaving **62** days. All the time between the filing of a motion and the conclusion of a hearing on that motion is excludable under § 3161(h)(1)(D). *See United States v. Blackmon*, 874 F.2d 378 (6th Cir. 1989); *United States v. Garrett*, 720 F.2d 705, 709-10 (D.C. Cir. 1983) (securing a bench warrant and subsequent bail hearing was excludable). The excludability of the pretrial motion delay has been described as "automatic." In *United States v. Tinklenberg*, 131 S. Ct. 2007 (2011), the Court held that pretrial motion delay "does not contain [a] causation requirement." *Id*. at 2010-11. That is, a pretrial motion generates excludable delay "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." *Id*. at 2011.

The instant motion was filed on January 7, 2025, tolling Defendant's speedy trial clock. Although Defendant also argues that he did not consent to the delays requested by his attorneys, it is not necessary that a defendant agree to the adjournments if a court has determined that the time is excludable. *See United*

*States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009) (if the defendant's attorney waives defendant's speedy trial rights without the defendant's knowledge or consent, an extension can still be justified under the Speedy Trial Act's "ends of justice" mechanism). Less than 70 days have elapsed on Defendant's speedy trial clock since the filing of the indictment when periods of excludable delay are considered. Accordingly, there is no violation of the Defendant's statutory right to a speedy trial.

B. Constitutional Protections

1. Fifth Amendment

As explained in *United States v. Schaffer*, 586 F.3d 414, 424, (6th Cir. 2009), "[p]re-indictment delay and post-indictment delay present separate issues. The former is governed by the Fifth Amendment, *see United States v. Rogers*, 118 F.3d 466, 475–76 (6th Cir. 1997), while the latter is a Sixth Amendment matter, *see United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997)." *United States v. Taylor*, No. 22-CR-20315, 2023 WL 3098653, at *3 (E.D. Mich. Apr. 26, 2023). The due process clause of the Fifth Amendment protects against oppressive pre-indictment delay. *United States v. Marion*, 404 U.S. 307, 324–25 (1971); *United States v. Lovasco*, 431 U.S. 783, 789 (1977); *Schaffer*, 586 F.3d at 424. However, in the Sixth Circuit, "dismissal for pre-indictment delay 'is warranted only when

the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage.'" *Schaffer*, 586 F.3d at 424 (quoting *United States v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984)). Notably, "'the acceptability of a pre-indictment delay is generally measured by the applicable statute of limitations.'" *Schaffer*, 586 F.3d at 425 (quoting *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986), *cert. denied*, 479 U.S. 1067 (1987), and citing *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (noting that "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide 'the primary guarantee against bringing overly stale criminal charges'") (citation omitted)).

The charges here stem from events occurring on May 23, 2023, and May 24, 2023. A criminal complaint was filed against defendant on May 30, 2023. The complaint charged defendant with being a convicted felon in possession of a firearm. (ECF No. 1). A single-count indictment charging the same offense was returned on June 21, 2023. (ECF No. 12). Nine months later, on March 20, 2024, a first superseding indictment was filed adding additional counts against defendant to include two counts of carjacking, two counts of use of a firearm during and relation to a crime of violence and two charges of being a felon in possession of a firearm. (ECF No. 44). During this time the government continued to investigate

the carjacking complaints. Defense counsel had preliminary discovery documents on the continued investigation, was aware that the government was seeking additional charges, and the parties engaged in preliminary pre-indictment plea negotiations. Ten months between the commission of the crimes and the filing of an indictment is not excessive and is well within the statute of limitations period of five years. 18 U.S.C. § 3282. As the Sixth Circuit has noted, "[i]t is well established that a delay resulting from investigative efforts 'does not deprive [a defendant] of due process, even if his defense may have been somewhat prejudiced by the lapse of time.'" *United States v. Rogers*, 118 F. 3d 466, 476 (6th Cir. 1997) (quoting *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986)).

Ketzbeau must "prove 'substantial prejudice to his right to a fair trial.'" *United States v. Rogers*, 118 F.3d 466, 474-75 (6th Cir. 1997) (quoting *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992)). There is no presumption of prejudice with regard to preindictment delay. *See, e.g., United States v. Vaughn*, 444 F. App'x 875, 880 (6th Cir. 2011); *Schaffer*, 586 F.3d at 425. That is, the defendant must show that the delay caused him actual prejudice in presenting his defense. *Monzo v. Edwards*, 281 F.3d 568, 581 (6th Cir. 2002). The only prejudice defendant alleges is that he suffered the loss of a defense witness. However, this witness died on October 29, 2024, months after the indictment and superseding

indictments were returned. Accordingly, any prejudice that defendant may suffer was not the result of any alleged pre-indictment delay. Similarly, defendant has not met his burden on the second prong. Ketzbeau has not identified with any specificity what tactical advantage the government gained from the short delay in filing the indictment. "Mere allegations that the government's conduct was intentional, without more, are insufficient to support a claim of purposeful, intentional delay to gain a tactical advantage when the government has proffered investigatory reasons for the delay." *United States v. Topez*, 59 F. App'x 94, *4 (6th 2003). And again, the indictment was brought well within the statute of limitations, which is sufficient to protect Defendant from stale charges. *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (noting that "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide 'the primary guarantee against bringing overly stale criminal charges'") (citation omitted)). Accordingly, the court finds that Defendant's claim that his Fifth Amendment due process rights were violated to be without merit.

2. Sixth Amendment

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. "The Sixth Amendment right to a speedy trial does not come into play until

'arrest, indictment or other official accusation.'" *Schaffer*, 586 F.3d at 424 (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992)). In most cases, the triggering event will be the filing of an indictment. *United States v. Watford*, 468 F.3d 891, 901 (6th Cir. 2006). Moreover, the speedy trial clause does not "require the Government to discover, investigate, and accuse any person within any particular period of time." *Marion*, 404 U.S. at 313; *see also United States v. Loud Hawk*, 474 U.S. 302, 312 (1986). A one-year delay between accusation and the beginning of trial is generally considered "presumptively prejudicial." *Doggett*, 505 U.S. at 652 n. 1, 112 S.Ct. 2686.

Four factors must be considered in evaluating an alleged speedy trial violation: (1) uncommonly long delay; (2) the reason for the delay, including which party is more blameworthy; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Taylor*, 2023 WL 3098653, at *3 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Doggett*, 505 U.S. at 651). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. As explained in *U.S. v. Garcia*, it should be noted that "presumptively prejudicial" does not in any way shift the burden of proof from the defendant to the United States, or create a presumption

that the United States must rebut. *United States v. Garcia*, No. 2:12-CR-25, 2013 WL 210074, at *2 (E.D. Tenn. Jan. 10, 2013), *report and recommendation adopted sub nom. United States v. Hernandez*, No. 2:12-CR-025, 2013 WL 210205 (E.D. Tenn. Jan. 17, 2013). Instead, by "presumptively prejudicial," the Supreme Court was referring to the "triggering mechanism" for the first factor, *viz.,* the length of the delay. *Id*. If the delay is not "presumptively prejudicial," the court must not inquire into the remaining three factors. *Id.* In other words, if the delay is not "presumptively prejudicial," then by definition, there is no Sixth Amendment speedy trial violation. *Id.* On the other hand, if the delay is presumptively prejudicial, the court must analyze the case under the remaining three factors of *Barker* to determine if there was a speedy trial violation. *Id*. (citing *Doggett, supra*).

In the Sixth Circuit, the length of the delay, the first factor, "is measured from the earlier of the date of arrest or the date of indictment." *United States v. Hall*, 2020 WL 4193871, at *2 (E.D. Tenn. July 21, 2020) (quoting *United States v. Young*, 657 F.3d 408, 414 (6th Cir. 2011) (citing *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006)). If the delay is one year, the delay "is presumptively prejudicial and triggers application of the remaining three factors." *Bass*, 460 F.3d at 836. However, in calculating the length of the delay, only those periods of

delay attributable to the government or the court are relevant to the defendant's constitutional claim. *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000) (citing *Barker v. Wingo*, 407 U.S. 514, 529 (1972) ("We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine."); *see also United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993) (excluding from the time counted towards a Sixth Amendment violation the time during which the defendant "expressly participated in the delay."). Thus, any continuances requested solely or jointly by the Defendant are not attributable to the government or the court.

Several periods of delay are fairly attributable to Defendant and not the court or the government. First, the delay when attorney Daly filed his motion to withdraw (7/19/23) and a new attorney was appointed (8/30/23) is 43 days. This delay is attributable to Defendant. Next, the time between the order granting the Daly motion to withdraw (8/30/23) to the time new counsel was able to appear at a status conference (9/28/23) of 20 days was also attributable to Defendant. On November 1, 2023, Defendant's counsel also stipulated to continuance of 120 days in order to review discovery materials and prepare for trial. More specifically, the parties stipulated that the time from November 7, 2023 to March 19, 2024 was excludable. This time period of 134 days is fairly attributable to

Defendant, given the stipulation of counsel. Also during this time frame, Attorney Plotkin moved to withdraw as counsel on December 21, 2023. (ECF No. 24). The period until a conference with new counsel could be held (12/21/23) is fairly attributable to Defendant. Then, on February 2, 2024, Attorney Crawford filed a motion for competency examination. (ECF No. 32). That motion was granted. A competency hearing was held on July 16, 2024 and defendant was declared competent on that date. An additional 119 days from March 20 to July 16, 2024 is fairly attributable to Defendant based on the pendency of the competency issue.

A total of 316 days (or approximately 10.5 months) must be excluded from the approximately 18 month time frame this matter was pending from indictment to when Defendant filed his speedy trial motion. Accordingly, the total delay in this matter through the time of the filing of the speedy trial motion is approximately six months. Under applicable controlling precedent, the time elapsed is not presumptively prejudicial and the court need not address the remaining *Barker v. Wingo* factors. For example, in *United States v. White*, the Sixth Circuit held that a six-and-one-half month delay was not presumptively prejudicial. *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993). Further, in *United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007), the court held that a nine-month delay was not presumptively prejudicial and an analysis of the

remaining *Barker v. Wingo* factors was inappropriate. Accordingly, the court finds that Defendant's Sixth Amendment right to a speedy trial has not been violated.

## III. CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss based on speedy trial (ECF No. 97) is **DENIED**.

**SO ORDERED.**

Dated: May 15, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge