UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

JESSE KETZBEAU,

               Defendant.

_____/

Case No: 23-20357

F. Kay Behm

U.S. District Judge

**OPINION AND ORDER DENYING MOTION
FOR BILL OF PARTICULARS (ECF NO. 132)**

**I.     PROCEDURAL HISTORY**

Defendant Jesse Ketzbeau filed a motion seeking a bill of particulars. ECF
No. 132. The government filed a response in opposition (ECF No. 141), and the
court held a hearing on May 13, 2025. For the reasons explained below,
Defendant's motion is **DENIED.**

**II.     ANALYSIS**

Ketzbeau is charged with two counts of carjacking, two counts of using a
firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)), and one count of
possessing a firearm as a convicted felon. He seeks a bill of particulars because of
the alleged "complexity and vagueness" of the counts against him. Ketzbeau

argues that the indictment lacks sufficient detail to allow him to understand the charges.

The Sixth Amendment requires that a defendant be informed of the "nature and cause of the accusation" against him. U.S. CONST. amend. VI. Additionally, Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it (1) "contains the elements of the offense charged and fairly informs a defendant of the charges against which he must defend," and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Middleton*, 246 F.3d 825, 841-42 (6th Cir. 2001).

The decision to order a bill of particulars is within the court's sound discretion. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). "The purpose of a bill of particulars is to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). A request for a bill of

particulars is properly rejected when the indictment adequately details the charges. *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1976). Moreover, it "is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989). A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375; *see also United States v. Musick*, 291 Fed. Appx. 706, 724 (6th Cir. 2008) ("The bill of particulars is not intended as 'a means of learning the government's evidence and theories.'").

In deciding whether to order a bill of particulars, the Court should look at both the indictment and the scope of the government's discovery production. *See Musick*, 291 Fed. Appx. at 724-25. A bill of particulars is unnecessary where an indictment "sets out the who, what, when, where, and why of it." *United States v. Hall*, 261 F. Supp. 3d 812, 818 (E.D. Mich. 2017); *see also Musick*, 291 Fed. Appx. at 724 (holding that the trial court did not abuse its discretion in denying a motion for a bill of particulars when the indictment provided sufficient information about the charges). Moreover, when the government produces "ample discovery," it can obviate the need for a bill of particulars. *United States v. Page*, 575 Fed. Appx. 641, 643 (6th Cir. 2014)

(holding that the defendant was not prejudiced by the denial of his motion for a bill of particulars when he had "ample discovery from which he could have discerned" the information requested in his motion and did not "claim that his discovery process was in fact unmanageable or that he was unable to prepare a defense").

Here, the indictment is sufficiently detailed to notify Ketzbeau of the charges against him and enable him to prepare his defense. In addition, the government has produced extensive discovery in this matter. Defendant has received over 700 pages of discovery, including police reports, agent investigative reports, summaries of witness interviews, grand jury testimony, and witness criminal history records.  He has also received copies of witnesses' recorded statements, and dash and body camera footage from multiple police officers. Additionally, Ketzbeau has received the list of proposed witnesses and exhibits the government intends to offer at trial.

### III.    CONCLUSION

In the court's view, a bill of particulars is not necessary given the detailed indictment and extensive discovery. Ketzbeau has received adequate notice of the charges against him and the government's discovery has given him the

opportunity to prepare for trial and minimize the danger of surprise. Therefore, it is **ORDERED** that Defendant's motion (ECF No. 132) is **DENIED.**

   **SO ORDERED.**

Dated: May 15, 2025                    s/F. Kay Behm
                                       F. Kay Behm
                                       United States District Judge