UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE KETZBEAU,

    Defendant.

_____/

Case No: 23-20357
F. Kay Behm
U.S. District Judge

## ORDER ON MOTIONS ECF NOS. 85, 166, 176

Defendant Jesse Ketzbeau, proceeding pro se, filed several motions seeking the appointment of expert witnesses to assist with his defense. ECF Nos. 85, 166, 176. The court held a hearing on June 10, 2025, to clarify Defendant's requests for relief. In the court's view, Defendant has neither provided clarity nor demonstrated the necessity of his requests.

Ketzbeau's original motion, seeking an audio/visual expert (ECF No. 85) did not identify any specific expert. He followed up with ECF No. 166, providing background information regarding two video experts, Edward Primeau and Joshua Wilson. His most recent motion (ECF No. 176) reiterates his request for video experts and also asks for experts in "coercive interrogation and interview techniques," "eyewitness identification," and polygraph testing. He has identified experts in these

areas. However, Defendant has not articulated why these experts are necessary for his defense. The government takes no position on Defendant's motion.

"An indigent defendant may obtain authorization for investigative, expert, or other services under 18 U.S.C. § 3006A(e)(1) upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced." *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002). It is within the court's discretion to grant a defendant's motion for expert services, but the court "need not grant an indigent [defendant]'s motion under § 3006A on the off chance that the requested services might turn up something." *Id.; see also United States v. Howard*, 621 F.3d 433, 447 (6th Cir. 2010) ("An indigent criminal defendant may not use § 3006A(e)(1) to fund a speculative 'fishing expedition.'"); *United States v. Goodwin*, 770 F.2d 631, 634 (7th Cir. 1985), *cert. denied*, 474 U.S. 1084 (1986). A commonly used test of necessity is "whether a reasonable attorney would engage such services for a client having the independent financial means to pay for them." *Goodwin*, 770 F.2d at 635; *United States v. Bass*, 477 F.2d 723, 725 (9th Cir. 1973).

Although the grounds for Ketzbeau's motions are not entirely clear, it appears that his request for experts in the fields of "coercive interrogation and interview techniques," "eyewitness identification," and polygraph testing are directed at illustrating for the jury whether certain witnesses are telling the truth. This is not a proper area for expert testimony. Defendant will have the opportunity to cross-examine witnesses in order to test their credibility; whether they are telling the truth is a matter for the jury to decide, not an expert witness. *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 316 (6th Cir. 2019) (experts "may not testify about the credibility of other witnesses" because "[i]t is the province of the jury to assess the credibility of witnesses"); *United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013) (because a witness's credibility is "usually with the jury's exclusive purview," "in the absence of unusual circumstances, Rule 702 renders inadmissible expert testimony on issues of witness credibility").

With respect to an audiovisual expert, Defendant vaguely suggests that the police officers' bodycam videos have been somehow altered and he wants an expert to review the videos. Defendant has not specified what prompted him to believe the videos were altered or how they were altered. Without support, he generally alleges that the videos were edited. Over several hours, the court has reviewed the video footage provided to

3

Defendant in discovery, with attention to the date and time stamps, and has not observed anything indicating the videos were edited. At the hearing, Defendant was unable to be more specific regarding any issues with the videos. In any event, although it is not the court's role to comb through hours of video recordings to attempt to find support for Defendant's indefinite allegations, the court has reviewed the videos identified by Defendant at the hearing and did not find anything amiss or suspicious with respect to their integrity or authenticity.

Defendant's general requests for expert assistance are insufficient to demonstrate necessity; without more detail, they fall into the category of a "fishing expedition" that is not authorized under 18 U.S.C. § 3006A(e)(1). In addition, the court notes that Defendant's standby counsel has indicated that he would not have moved for the appointment of the requested experts, further suggesting that the motions are without reasonable basis.

Therefore, it is **ORDERED** that Defendant's motions for the appointment of experts (ECF Nos. 85, 166, 176) are **DENIED.**

**SO ORDERED.**

Dated: June 12, 2025               s/F. Kay Behm
                                   F. Kay Behm
                                   United States District Judge