UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE KETZBEAU,

    Defendant.
_____/

Case No: 23-20357
F. Kay Behm
U.S. District Judge

**ORDER DENYING MOTION TO FILE UNTIMELY MOTIONS
(ECF No. 193) AND MOTION FOR RECUSAL (ECF NO. 194)**

On the eve of trial, Defendant Jesse Ketzbeau has filed two motions on his own behalf: (1) a motion to file untimely motions; and (2) and motion to recuse the undersigned judge.

With respect to the first motion, Ketzbeau asks the court to accept as timely the motions he previously filed regarding "selective prosecution, dismiss carjacking 2119, suppress evidence, plain view doctrine, ext." ECF No. 193 at PageID.857. The deadline for filing pretrial motions was January 3, 2025. ECF No. 81. Ketzbeau filed a dozen motions that were mailed on January 2, 2025. *See* ECF Nos. 91-105. In addition, the court accepted several other pretrial motions Ketzbeau filed in February 2025, ruling on the

merits. *See* ECF Nos. 127, 132-34, 149. The court has considered various grounds to dismiss or suppress evidence, including alleged speedy trial violations, selective prosecution/prosecutorial vindictiveness, and a motion for a bill of particulars.

"If a party does not meet the deadline for making a Rule 12(b)(3) [pretrial] motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). Although the basis is not entirely clear, Ketzbeau appears to suggest that his most recent motions were late as a result of mail delays. However, the motions were mailed well past the motion deadline. Regardless, Ketzbeau has had ample opportunity to file numerous pretrial motions, which the court addressed on the merits. *See* ECF Nos. 158, 169, 186, 187, 192. He is not prejudiced by the court's motion deadline, for which he had sufficient notice, or the court's refusal to consider late motions. Rather, without good cause, Ketzbeau asks the court to address cumulative motions on issues the court has already decided. The court will not consider any additional untimely motions.

With respect to the second motion, for recusal, Ketzbeau contends that the court has expressed "personal bias" against him, based upon

2

comments such as "you have no idea what you're doing," and "you see I have denied all your motions." ECF No. 194 at PageID.859.

All "judge[s] of the United States" must "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). One basis for disqualification, as Ketzbeau suggests here, is when a judge has "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *see also United States v. Liggins*, 76 F.4th 500, 505-06 (6th Cir. 2023). However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). For example, a judge who expressed his opinion in a World War I espionage case that German Americans had "hearts . . . reeking with disloyalty" expressed the type of antagonism that required recusal. *Id.* (citing *Berger v. United States,* 255 U.S. 22 (1921)); *see also Liggins*, 76 F.4th at 503 (district judge's comments regarding defendant included "This guy looks like a criminal to me. This is what criminals do.").

3

However, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display," do not establish bias or partiality. *Liteky*, 510 U.S. at 555-56. The court's comment that Ketzbeau has "no idea what you're doing," in the context of representing himself at trial, was intended to make clear the dangers of self-representation and reflects a concern for Ketzbeau's best interests rather than a deep-seated antagonism. Moreover, the court's denial of all of Ketzbeau's objectively meritless pretrial motions, after due consideration, likewise does not establish bias. *Id.* (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Ketzbeau has not articulated grounds for the court's recusal. *See United States v. White*, No. 13-20423, 2015 U.S. Dist. LEXIS 1717, at *6 (E.D. Mich. Jan. 8, 2015) (emphasis in original) (quoting *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)) ("[T]he disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.").

Accordingly, it is **ORDERED** that Ketzbeau's motions (ECF Nos. 193, 194) are **DENIED.**

Dated: July 15, 2025                                    s/F. Kay Behm
                                                        F. Kay Behm
                                                        United States District Judge