UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,                             Case No. 23-cr-20357
                                         Honorable F. Kay Behm

vs.

Jesse Ketzbeau,

      Defendant.

## Preliminary Order of Forfeiture

Based upon defendant Jesse Ketzbeau's ("defendant") guilty plea to violating 18 U.S.C. § 2119 (Count One) and 18 U.S.C. § 924(c) (Count Four) as set forth in the Second Superseding Indictment (ECF No. 84), defendant's Rule 11 Plea Agreement (ECF No. 206), Government's Application for Entry of Preliminary Order of Forfeiture, and the information contained in the record, and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

    1.    Defendant shall forfeit to the United States all right, title and interest he may possess in all firearms and ammunition involved in or used in the commission of his violation of 18 U.S.C. § 2119 and 18 U.S.C. § 924(c), including, but not limited to, the following (hereinafter referred

to as the "Subject Property"), as property involved in his violation of 18 U.S.C. § 2119 and 18 U.S.C. § 924(c):

- TAURUS G3C Pistol CAL:9 SN: ACG059337 (23-ATF-045575) and
- 17 Rounds Assorted Ammunition CAL:9 (23-ATF-023193).

2. The Subject Property **IS HEREBY FORFEITED** to the United States under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) for disposition according to law, and any right, title and interest of defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

3. The Subject Property has a sufficient nexus to defendant's offenses of conviction and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

4. Pursuant to Fed.R.Crim.P. 32.2(b) Fed.R.Crim.P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to defendant upon entry and the forfeiture of the Subject Property shall be made part of the defendant's sentence and included in his Judgment.

5. Upon entry of this Order, the United States, its designee, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and/or the U.S. Marshals Service ("USMS") are authorized, pursuant to Fed.R.Crim.P. 32.2(b)(2) and (3), to seize any property identified above which is not

       currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

6. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the

petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

8. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. If a third party files a timely petition for ancillary hearing regarding the Subject Property, the Court shall enter a final order of forfeiture by

amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

10. The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: January 29, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge