UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE KETZBEAU,

    Defendant.

_____/

CASE NO: 23-CR-20357

F. KAY BEHM
United States District Judge

**ORDER DENYING MOTION TO APPOINT COUNSEL (ECF No. 237), MOTION TO DISMISS BASED ON SELECTIVE PROSECUTION (ECF No. 232), and MOTIONS TO WITHDRAW PLEA (ECF Nos. 221, 224, 230, 231, 236)**

## I. MOTION TO APPOINT COUNSEL

Defendant's motion to appoint new counsel (ECF No. 237) is **DENIED** for the reasons stated on the record at the hearing held on January 27, 2026.

## II. MOTION TO DISMISS BASED ON SELECTIVE PROSECUTION

Defendant argues that he was singled out for prosecution in federal court based on his race, and that a white individual committed similar crimes and were not prosecuted. He observes that Jim Wilson, who is white, was not prosecuted in federal court, although Wilson was driving the vehicle that Ketzbeau was alleged to have stolen. Defendant's motion (ECF No. 232) is

1

**DENIED** for the reasons stated on the record at the January 27, 2026 hearing and as stated herein.

First, Defendant's motion for selective prosecution is untimely. It was filed on January 22, 2026, more than one year after the motions deadline. Additionally, the court previously heard and denied Defendant's motion for selective prosecution (ECF Nos. 175, 190) and no timely motion for reconsideration was filed by Defendant. Accordingly, the motion is denied for this reason.

Second, the motion is denied because Defendant fails to meet his burden. "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citation omitted). This discretion has constitutional limits; a prosecutor may not violate an individual's right to equal protection by selecting him for prosecution for impermissible reasons, such as race or religion. *Id.* "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the contrary.'" *Id.* at 465. The defendant must

establish that the prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id*. "[A] defendant who seeks discovery on a claim of selective prosecution must show some evidence of both discriminatory effect and discriminatory intent." *United States v. Bass*, 536 U.S. 862, 863 (2002).  With respect to showing a discriminatory effect based upon race, a defendant may "identify individuals who were not black and could have been prosecuted for the offenses for which respondents were charged, but were not so prosecuted." *United States v. Thorpe*, 471 F.3d 652, 657 (6th Cir. 2006) (citation omitted).

    Defendant has not made the threshold showing of "some evidence" of discriminatory effect and intent.  Identifying one individual, who may or may not be similarly situated, and who was not prosecuted in federal court falls far short of the showing required.  *See Thorpe*, 471 F.3d at 658 (defendant must show the government declined to prosecute similarly situated individuals). Defendant has not presented evidence that Jim Wilson could have been prosecuted for the same crimes for which he is being prosecuted.  As the government explained at the hearing, Jim Wilson was not prosecuted because there was insufficient evidence to prosecute him; he was originally federally charged in a criminal complaint with carjacking and that complaint was

3

dismissed after the investigation because the evidence and the testimony showed that he was not the carjacker. In addition, Defendant has presented no evidence that the prosecutors in his case harbored discriminatory intent. The Sixth Circuit has made clear that district court lacks "the discretion to grant discovery in selective-prosecution cases where the rigorous 'some evidence' standard has not been met" with respect to *both* discriminatory effect and discriminatory intent. *Thorpe*, 471 F.3d at 665. For all of these reasons, the motion to dismiss based on selective prosecution is **DENIED**.

### III.    MOTIONS TO WITHDRAW PLEA

Defendant has filed multiple motions to withdraw his guilty plea. (ECF Nos. 221, 224, 230, 231, 236). These motions are denied for the reason stated on the record at the January 27, 2026 hearing and as stated herein.

After the court accepts a guilty plea, a defendant does not have an absolute right to withdraw it. "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280–81 (6th Cir. 2006). "The withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *Id*. (citations omitted).

A defendant wishing to withdraw his plea has the burden to show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); see *Ellis*, 470 F.3d at 280. "The rule is designed to allow a hastily entered plea made with unsure heart and confused mind to be undone...." *Id*. The rule should not "allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Id*. at 280-281. To determine whether a defendant has met the burden of showing a "fair and just reason", "the district court must review all the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. York*, 405 F. App'x 943, 949 (6th Cir. 2011) (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

    The relevant factors include:

>(1) the amount of time that elapsed between the plea and the motion to withdraw it;
>
>(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
>
>(3) whether the defendant has asserted or maintained his innocence;
>
>(4) the circumstances underlying the entry of the guilty plea;

> (5) the defendant's nature and background;
>
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
>
> (7) potential prejudice to the government if the motion to withdraw is granted.

*Ellis*, 470 F.3d at 281 (internal citations omitted). No specific factor is controlling, nor are the listed factors exhaustive. *Id*. The overriding requirement is that a defendant must show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

As to the first two factors, Ketzbeau initially sent the court a letter to withdraw his plea approximately one week after he pleaded guilty. Though short delays such as this weigh in a defendant's favor, this factor is not dispositive. *United States v. Evans*, 406 F. App'x 946, 948 (6th Cir. 2011).

As to the next factor – whether Defendant has maintained his innocence – the court finds that he did not. In his motions, Defendant makes conclusory claims of actual innocence, but he has not maintained his innocence. Defendant did not enter a no-contest plea. He signed a written plea agreement with a factual basis and pleaded guilty under oath and agreed to the facts which formed the basis of his offense. (ECF No. 214, PageID.986–88). And his objection to the government's initial plea offer was not that he

was innocent, but that he disagreed with the sentencing guidelines. (ECF No. 216, PageID.1049) ("The reason I would reject this one is because of the guidelines.").

Defendant relies on the affidavit of Jim Wilson to establish his claim of innocence. (ECF No. 224, PageID.1151-52). The court finds the testimony of Jim Wilson at the evidentiary hearing to be credible and thus, the affidavit of Mr. Wilson on which Defendant relies to establish his claim of innocence is not credible. *See United States v. Gasaway*, 437 F. App'x 428, 434 (6th Cir. 2011). Mr. Wilson testified at length that he copied the affidavit from a paper that Defendant showed him and that the contents of the affidavit were largely false or Mr. Wilson does not know if the statements are true. Mr. Wilson testified that he wrote the affidavit because felt threatened by the presence of a person in his cell "leaning" on him on behalf of Defendant. The person's nickname is "Yayo" or "Chichi." Mr. Wilson was not promised anything in exchange for his testimony at the hearing, including any promise to dismiss his currently pending federal charges. He has not been promised anything favorable from the government nor has he been threatened. The reliability of the Wilson affidavit is further undermined by Defendant having submitted two versions of the affidavit, the later filed one having a notary stamp added to it

that Mr. Wilson did not obtain and has no knowledge of.  (ECF No. 231, PageID.1273).  Again, the court finds the affidavit to be not credible but finds Mr. Wilson's testimony credible.  Accordingly, the affidavit does support Defendant's claim of innocence.  This factor weighs heavily against Defendant.

Next, the circumstances underlying the entry of the guilty plea weigh heavily against permitting withdrawal of the plea.  Ketzbeau had ample time to consider the plea agreement and to decide whether to go forward with a plea.  When he initially asked for more time at the plea hearing, the court gave it to him.  (ECF No. 214, PageID.961–64).  By the time he decided to accept the plea, he had spent most of the day speaking to his attorney.  *Id*. at PageID.971.  He had gone through every single paragraph.  *Id*. at PageID.972.  He told the court under oath that he did not need additional time.  *Id*. at PageID.971, 981.  He said nobody was threatening him to try to make him plead guilty.  *Id*. at PageID.986.  He said it was his choice to plead guilty, and that he was doing so of his own free will because he was guilty.  *Id*.

Defendant's recent claim about threats of the death penalty or a life sentence and promises of a three-year sentence are not credible.  The court finds the statement of AUSA DePorre on the record regarding the fact that no

threats regarding kidnapping charges, the death penalty or life imprisonment were made in order to induce Defendant to plead guilty to be credible.  The court also finds the testimony of Agent Sutara credible.  Agent Sutara testified at the hearing on January 27, 2026.  He explained that he attended the meeting on July 24, 2025 with AUSA DePorre, himself, Alan Crawford and Defendant regarding the plea agreement.  Agent Sutara was asked to attend to be a witness to the conversation.  He testified that there was no discussion at the meeting about the government seeking a superseding indictment if Defendant did not plead guilty.  He testified that no one at the meeting threatened to charge Defendant with additional crimes if he did not plead guilty.  Specifically, no one threatened Defendant with any kidnapping charges if he did not plead guilty.  Agent Sutara also testified that there was no discussion about or threats by the government in regard to seeking the death penalty or a sentence of life imprisonment if Defendant did not plead guilty.  Again, the court finds Agent Sutara's testimony to be credible.  Based on the foregoing, the court finds the circumstances underlying the entry of the guilty plea weigh heavily against permitting withdrawal of the plea.

      Because of Defendant's background, it is apparent he understood the consequences and benefits of his plea.  Defendant has taken legal courses,

has filed numerous pro-se motions in this case, citing case law and statutes, and previously resolved serious criminal cases by pleading guilty.  Defendant also has significant experience with the criminal justice system.  During the final pretrial conference, the court conducted a *Lafler* inquiry and ensured that Defendant understood the government's initial plea offer.  (ECF No. 216, PageID.1049).  And the plea agreement that Defendant signed was based on his own counter-offer to the government's initial proposed plea.  (ECF No. 223-3).  During the plea hearing, the court carefully ensured that Defendant understood the impact of taking a plea in this case.  (ECF No. 214).  Thus, the court concludes that Defendant understood the consequences and benefits of his plea.  This factor weighs heavily against allowing Defendant to withdraw his plea.

As to the last factor – prejudice to the government - "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Ellis*, 470 F.3d at 285.  In the court's view, Defendant has failed to show a fair and just reason, so the court need not consider this last factor.  Still, there is some prejudice to the government in allowing Defendant to withdraw his plea.  Many of the witnesses were victims

who Defendant intimidated by threatening them with a gun, and much of the evidence in this case is based on the victims' eyewitness testimony. Ketzbeau has repeatedly prolonged his case by seeking new attorneys or filing frivolous motions.  As time passes, there is a risk that witness memories will fade, prejudicing the government.  *See e.g.*, *United States v. Martin*, 668 F.3d 787, 797 (6th Cir. 2012) (finding that the "effect of delay on individuals' memories would be prejudicial").  This factor weighs slightly against allowing Defendant to withdraw his plea.

In summary, the court finds that Defendant does not offer a fair and just reason for the withdrawal of his plea.  "Rule 11's fair-and-just-reason requirement is not met where a defendant makes a tactical decision to enter a plea and then seeks to withdraw it when he comes to believe he made a bad choice." *United States v. Evans*, 406 F. App'x 946, 950–51 (6th Cir. 2011) (citing *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).  This is so because the "entry of a guilty plea is no mere gesture, no mere formality, no mere trifle, but a 'grave and solemn act.'" *Id.* (quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997)).  After a defendant, like Defendant here, has sworn in open court that he actually committed the crime and that he is pleading guilty because he is guilty; and after the court has found a factual basis for the

plea and has accepted the plea, "the defendant cannot be allowed to withdraw it simply on a lark or a whim." *Id*. (citing *Hyde,* 520 U.S. at 676–77). To allow a defendant to withdraw his plea for other than a "fair and just reason" would "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Id*. (quoting *Hyde*, 520 U.S. at 677). The majority of the factors discussed above weigh heavily against a finding that Defendant has offered a fair and just reason for the requested withdrawal and thus against allowing Defendant to withdraw his plea. Thus, for the reasons set forth on the record and herein, the court **DENIES** Defendant's motions to withdraw his guilty plea.

    **SO ORDERED**.

Date: February 2, 2026                                         s/F. Kay Behm
                                                                            F. Kay Behm
                                                                            United States District Judge